# Plunkett's Creek Township *versus* Fairfield Township.

1. Justices made an order for removal of a pauper; the proceedings were regularly removed to the Quarter Sessions by appeal. The case was therefore before the court on its merits, and the parties had a right to a final decision. The court quashed the order. *Held*, to be error.

2. West Buffalo *v.* Walker, 8 Barr 177, approved.

3. On certiorari, neither the evidence nor the opinion of the court is part of the record.

March 27th 1868.    Before STRONG, READ, AGNEW and SHARSWOOD, JJ.    THOMPSON, C. J., at Nisi Prius.

Certiorari to the Court of Quarter Sessions of *Lycoming county:* To January Term 1868, No. 210.

In January 1867 Gray, a pauper, became chargeable on the township of Plunkett's Creek, Lycoming county, and in February of the same year two justices of the peace granted an order to remove him to Fairfield township. Fairfield township appealed to the Court of Quarter Sessions. All the proceedings from the inception to the appeal were regular.

On the hearing before the court, testimony was taken as to the fact of the pauper's settlement.

The court (Jordan, P. J.) held upon the testimony that the pauper had lost his settlement in Fairfield, but had not gained one in Plunkett's Creek township, and concluded his opinion :—

"The pauper having become chargeable on Plunkett's Creek township, that township must find out the place where the pauper was last legally settled, and from the testimony his settlement is in Loyalsock township, Lycoming county, or Pine township, Clinton county. In which of these it is not necessary now to determine. The order of removal is quashed with costs."

Plunkett's Creek township removed the proceedings to the Supreme Court by certiorari, and besides the record, brought up with the writ the opinion of the court below and the testimony.

*R. P. Allen*, for plaintiff in error, cited West Buffalo *v.* Walker, 8 Barr 180; Cumberland *v.* Jefferson, 1 Casey 465; Act of June

8 P. F. SMITH—14

[Plunkett's Creek *v.* Fairfield.]

13th 1836, § 19, Pamph. L. 546, Purd. 798, pl. 28; Toby *v.* Madison, 8 Wright 61; Shippen *v.* Gaines, 5 Harris 40.

*W. H. Armstrong,* for defendant in error, commented on West Buffalo *v.* Walker, and Toby *v.* Madison, *supra.*

The opinion of the court was delivered, April 2d 1868, by
STRONG, J.—The effect of the judgment in the court below was to terminate the proceeding, but leave the parties as if no application for an order of removal had been made. This was not a correct disposition of the case. The proceedings before the magistrates were regular, and the appeal was taken in due season, and form. The case was therefore before the courts on its merits, and both parties had a right to a final decision. But instead of this, the order of removal made by the magistrates was quashed. Very likely this was an inadvertence, but it was error. In West Buffalo Township *v.* Walker Township, 8 Barr 177, the correct rule of practice was clearly defined. Said Gibson, C. J., " Properly speaking, there are three modes of disposing of an order of removal in the Quarter Sessions. The first is to confirm it; and when that is done, it appears from Rex *v.* Arencester, Burr. Set. Cas. 18, Rex *v.* Bently, Id. 426, and some other cases, that the order of the sessions is conclusive against the appealing parish in favor of all the world. The second is to discharge it; and when that is done, the adjudication is conclusive between the parties litigant. The third is to quash it, and when that is done, the order is conclusive on neither. An order of removal is confirmed after an unsuccessful objection to it for want of merits, or for want of form, or for want of regularity; it is discharged, or, as it is sometimes said, vacated, after a successful objection to it on the merits; it is quashed for informality or irregularity of the proceedings." In Overseers of Toby *v.* Overseers of Madison, it was said that the judgments thus clearly marked out ought to be observed and followed. And it is plainly a matter of substance. The order of removal in this case should therefore have been confirmed or discharged.

It has been argued that the court below intended to discharge the order of removal, and that we can correct the judgment by making such an order as was intended to be made. It may be that the wrong judgment was inadvertently entered, and that the court meant to vacate rather than to quash. But we cannot determine this without looking beyond the record. Confining ourselves to that, we have nothing more than the original order of removal, the appeal and the judgment that it be quashed. Neither the evidence nor the opinion of the court is any part of the record, as we have decided at this term in Overseers of Bradford Township *v.* Overseers of Goshen Township, 7 P. F. Smith 495, on the

[Plunkett's Creek *v.* Fairfield.]

authority of previous decisions. We have, then, no other course to pursue than to reverse the order for quashing and send the case back to be proceeded in according to law.

> Order quashing the order of removal reversed, and record remitted with a *procedendo.*